Filed 8/27/13  P. v. Ingram CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E058381 |
| v. | (Super.Ct.No. FSB-09624) |
| JIMMIE LEE INGRAM, | **OPINION** |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Michael A. Smith, Judge.  Affirmed.

John N. Aquilina, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant Jimmie Lee Ingram appeals from an order denying his petition for recall of his indeterminate life term under Penal Code section 1170.126, subdivision (f). [1]

I

BACKGROUND[2]

On April 16, 1996, defendant Jimmie Lee Ingram was convicted of one count of robbery (Pen.Code, § 211). In addition, two prior strike allegations were found true (§ 667, subds. (b)-(i).) As a result, on May 14, 1996, defendant was sentenced under the three strikes law to an indeterminate term of 25 years to life.

On November 6, 2012, the electorate passed Proposition 36. This ballot measure enacted section 1170.126, which permits persons currently serving an indeterminate life term under the three strikes law to file a petition in the sentencing court, seeking to be resentenced to a determinate term as a second-striker. (§ 1170.126, subd. (f).) If the trial court determines that the defendant meets the criteria of section 1170.126, subdivision (e), the court may resentence the defendant. (§ 1170.126, subd. (f).) Section 1170.126, subdivision (e)(1) provides, as pertinent here, that a defendant is eligible for resentencing if he or she is "serving an indeterminate term of life imprisonment imposed pursuant to paragraph (2) of subdivision (e) of Section 667 or subdivision (c) of Section 1170.12 for a conviction of a felony or felonies that are not defined as serious and/or violent felonies by subdivision (c) of Section 667.5 or subdivision (c) of Section 1192.7."

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

[2] The underlying facts are not material to the issue considered on appeal.

2

On November 21, 2012, defendant filed a propria persona petition for resentencing under section 1170.126. The court denied the petition on January 25, 2013, finding that defendant's current commitment offense for robbery is a serious felony under section 1192.7, which made him ineligible for resentencing under section 1170.126.

II

DISCUSSION

Defendant timely appealed from the trial court's denial of resentencing and, upon his request, this court appointed counsel to represent him. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738, setting forth a statement of the case, a summary of the facts and potential arguable issues, and requesting this court conduct an independent review of the record. The only arguable issue presented by defendant's counsel was whether the trial court erred by denying defendant's petition for resentencing pursuant to section 1170.126.

Robbery is a serious felony. (§ 1192.7, subd. (c)(19).) Accordingly, defendant is not eligible for resentencing pursuant to section 1170.126, subdivision (f).

We offered defendant an opportunity to file a personal supplemental brief, but he has not done so. Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have independently reviewed the record for potential error and find no arguable issues.

III

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RICHLI _____
Acting P. J.

We concur:

KING _____
J.

CODRINGTON _____
J.